Dora Hill v. MGI Wintrop Assoc.        CV-01-08-B     03/27/02
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Dora Hill</u>

    v.                                 Civil No. C-01-08-B
_____Opinion No. 2002 DNH 073
<u>MGI Winthrop Associates, Inc.,</u>
<u>Successor to 15 T.S.C., Inc.</u>



                    <u>MEMORANDUM AND ORDER</u>


     Dora Hill was adjusting a vertical blind at Creative Years
Child Development and Learning Center ("Creative Years") in
Nashua, NH ("the property"), when the blind came loose from the
wall and crashed down on her left shoulder.  Hill subsequently
brought this diversity action against MGI Winthrop Associates
("MGI"), the successor-in-interest to the owner of the property
at the time of the accident.  Hill asserts that MGI is liable for
her injuries because its predecessor negligently installed and
maintained the blind.  MGI has moved for summary judgement.  For
the following reasons, I deny the motion.

## I. **BACKGROUND**[1]

Hill worked at Creative Years from February 1994 to September 1998. At the time of the accident, she was working as a preschool teacher. Hill alleges that, on January 6, 1998, as she was attempting to adjust a vertical blind in her classroom, a screw holding the track from which the blind hung came loose from the wall and crashed down on her left shoulder. The force of the crash injured her shoulder and rendered her disabled on her left side.

MGI does not dispute that its predecessor was responsible for maintaining the premises where the accident occurred. MGI's predecessor, in turn, delegated this responsibility to Corcoran Management Co., Inc. ("Corcoran"), in a Property Management Agreement ("Agreement"). The Agreement required Corcoran to "make all ordinary repairs and perform all maintenance on the buildings, grounds and other improvements of the Property necessary to maintain the Property." Corcoran also

---

[1] I construe the record in the light most favorable to Hill, who opposes the entry of summary judgement. See Mauser v. Raytheon Co. Pension Plan for Salaried Employees, 239 F.3d 51, 56 (1st Cir. 2001).

-2-

agreed to perform, on a quarterly basis, "comprehensive inspections of the Property . . . and [to] provide a written report of such inspections" to the landlord.

Hill asserts that one of the blinds in her classroom came loose on two occasions in 1997 and that her employer had tightened loose screws for other blinds in the building on several other occasions. Hill has also supplied an affidavit from Bill Luther, Corcoran's maintenance manager, who states that, prior to Hill's accident, other blinds in the building had come loose or fallen, including one blind in the Creative Years section of the building. Luther avers that, "when [blinds] come down [Corcoran] put[s] them back in place and screw[s] them securely and affix[es] the fastener properly."

It is undisputed that the building's blinds were installed approximately twelve years prior to Hill's accident.

## II. <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is one "that properly can be resolved only by a finder of fact because [it] . . . may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one that affects the outcome of the suit. See id. at 248.

In ruling on a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-movant. See Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988). The party seeking summary judgment, however, "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the burden shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323). I apply

this familiar standard of review in ruling on MGI's motion for summary judgment.

## III. **DISCUSSION**

MGI contends that it is entitled to summary judgment because it could not reasonably have foreseen Hill's injury. I disagree.

In 1973, the New Hampshire Supreme Court rejected the common law rule that a landlord ordinarily cannot be held liable for injuries suffered by a third party while using a leased premises. Sargent v. Ross, 113 N.H. 388, 397 (1973). With respect to landowners, such as MGI, the New Hampshire Supreme Court has since held that owners and occupiers of land owe third parties a duty of reasonable care in the maintenance and operation of their property. See Tanguay v. Marston, 127 N.H. 572, 577 (1986). Consequently, a landlord must take reasonably necessary precautions to reduce the likelihood of foreseeable injury from defects in his property. Sargent, 113 N.H. at 399.

If a jury were to credit Hill and Luther, who aver that blinds had come loose or fallen prior to January 6, 1998, it could conclude that MGI's predecessor reasonably could have foreseen that other similar blinds would become loose and fall if

-5-

they were not regularly inspected and maintained.  Therefore, MGI's predecessor was under a duty to take reasonable steps, such as more frequent inspections of the blinds in the building, that would have allowed them to detect and correct the problem before Hill was injured.  Its alleged failure to do so in this case is the basis of Hill's negligence claim.  Like many negligence cases, this case is not suited to resolution by summary judgement.  See Iannelli v. Burger King Corp., 761 A.2d 417, 419 (N.H. 2000).

## IV.  CONCLUSION

For the reasons stated above, I deny MGI's motion for summary judgement (doc. no. 12).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 27, 2002

cc:  Paul A. Rinden, Esq.
     Richard E. Mills, Esq.